TAGER et al. v. HALPERN.

(Supreme Court, Appellate Division, Second Department.   October 12, 1909.)

WITNESSES (§ 262*)—EXAMINATION—RECALLING.

Where the evidence was conflicting on the issue whether certain work was within a building contract, the refusal to permit defendant, who had not closed his case, to recall the architect to testify on the point, was erroneous, notwithstanding the uncorroborated testimony of plaintiff, contradicted by defendant, that defendant had agreed to pay for the work.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 797, 899, 904; Dec. Dig. § 262.*]

Appeal from Special Term, Kings County.

Action by Louis Tager and another, doing business under the firm name of Tager & Katz, against Albert Halpern. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, GAYNOR, BURR, RICH, and MILLER, JJ.

L. B. Boudin, for appellant.
Julius Blumofe, for respondents.

JENKS, J. The·defendant appeals from a judgment of foreclosure of a mechanic's lien resting upon a written contract for work on the defendant's buildings. The plaintiffs allege performance, and their

claim is for a balance due on the contract price and for the sum agreed upon orally for extra work. The defendant makes general denial, save as to the execution of the written contract, alleges nonperformance, and interposes a counterclaim.

The written contract required the plaintiffs "to make, complete, and finish all of the brick mason works" in and about 19 brick buildings in accordance with certain plans and specifications. It is not necessary, in the view I take of this case, to consider the defense of nonperformance. The defendant did not dispute that the plaintiffs did extra work; but he contends that the parties agreed that such work should be set off against the withdrawal of certain work from the written contract, in that the defendant would cause certain steps to be built of concrete or cement, instead of brick, and by the general contractor. There is no question that the steps were so built. The plaintiffs denied that such agreement was ever made, and asserted that such work was not within his contract. The defendant was corroborated as to the said agreement by the testimony of the general contractor. It was important to ascertain whether the said work was within or without the written contract. The evidence is vague and unsatisfactory, and it certainly did not justify the conclusion that the work was outside of that contract. The plans were before the court; but, unexplained, they did not determine this question. When it appeared that the question was still in doubt, the defendant asked to recall the architect; but permission was refused. Upon the evidence adduced I think that the court was not justified in disregarding this contention of the defendant. This, then, is not a case when the evidence was exhausted, but rather when testimony which naturally would shed much light on a vital point was not elicited. The record does not show that the defendant closed his case, but that the court stopped him, and said that it did not wish to hear any more; that it would give judgment, in that the "overshadowing fact" was that the defendant offered to pay the plaintiffs for his claim by giving a note. Of course, that was an important bit of testimony; but the defendant denied that he did so, and plaintiffs did not corroborate this testimony by calling any other witness, although one of the plaintiffs volunteered that his partner and some of the workmen were present when the defendant made this offer. It seems to be virtually conceded that in any event only a personal judgment could be recorded.

I advise the reversal of the judgment and the granting of a new trial; costs to abide the final award of costs. All concur.